**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-02701-001-TUC-JGZ (MAA) |
| Plaintiff, | **ORDER** |
| v. | |
| Jorge Armando Fuentes-Pacheco, | |
| Defendant. | |

Pending before the Court is Defendant Jorge Armando Fuentes-Pacheco's Motion in Limine to Preclude Evidence of Prior Bad Acts, Per Rule 404(b). (Doc. 41.) Defendant seeks to preclude the Government from introducing evidence of Defendant's 2007 arrest. (Doc. 35.) For the reasons discussed below, the Court will preliminarily grant Defendant's motion and preclude admission of evidence.

## BACKGROUND

Defendant is currently charged in a six-count indictment with Conspiracy to Possess with Intent to Distribute Cocaine and Fentanyl; Possession with Intent to Distribute Cocaine; Possession with Intent to Distribute Fentanyl; Conspiracy to Import Cocaine and Fentanyl; Importation of Cocaine; and Importation of Fentanyl. (Doc. 1.) The charges stem from an incident on November 18, 2022, during an inspection at the DeConcini Port of Entry, where cocaine and fentanyl were discovered in the vehicle Defendant was driving. *Id.* During the incident, the Defendant's vehicle was driven through a Z-Portal and x-ray examination showed anomalies along the vehicle's frame rails and the gas tank. (Doc. 41

at 3.)

Defendant previously pleaded guilty to Possession with Intent to Distribute Cocaine stemming from an incident that occurred on November 12, 2007. *See United States v. Jorge Armando Fuentes-Pacheco*, 07-cr-02049-JMR(GEE). There, the Defendant was stopped at the DeConcini Port of Entry and 9.56 pounds of cocaine were found by Customs and Border Patrol Agents concealed in the radiator of the pickup truck Defendant was driving. (*See* 07-cr-02049- JMR(GEE) Docs. 1 & 11.)

## DISCUSSION

The introduction of evidence of a prior bad act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character. Fed. R. Evid. 404(b)(1). However, such evidence may be introduced for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). When introducing 404(b) evidence, the Government has the burden of proving the prior bad act: (1) tends to prove a material point at issue; (2) is not too remote in time; (3) is proven with sufficient evidence to have actually been committed; (4) where used to prove intent, is sufficiently similar to the current charge. *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002); *See United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985).

The Government argues that Defendant's prior conviction can be introduced under Federal Rule of Evidence 404(b)(2) as evidence of opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident. (Doc. 35.) Here the first factor may be satisfied as knowledge is a material point of the current charges brought against Defendant. *See* 21 U.S.C. § 841(a); *see also United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989). The Government contends that the Defendant may claim, as a defense, that he was unaware the drugs were concealed in the vehicle he used to cross the border in November 2022. *Id.* at 4. The Government argues that the evidence of Defendant's prior actions and conviction for the same crime is evidence "of his knowledge or what he should have known was in

the vehicle." *Id.*[1]

The second factor is whether the prior bad act is too remote to be admitted. *See Beckman,* 298 F.3d at 794. The Ninth Circuit "has not identified a particular number of years after which past conduct becomes too remote." *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997). The court has previously found that convictions thirteen years prior are not too remote to be admitted under Rule 404(b). *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005); *see also United States v. Ross*, 886 F.2d 264 (9th Cir. 1989). Here, the prior bad act the Government seeks to admit may be too remote as the previous crime occurred nearly 15 years prior to the current charges. (Doc. 35.) The Government has not addressed the remoteness of the prior act. *Id.*

Third, there is sufficient evidence that the prior crime occurred because the Defendant pleaded guilty to the crime. *See Vo*, 418 F.3d at 1019.

Finally, the prior conviction is sufficiently similar to the current charge. In the 2007 case, Defendant was convicted of Possession with Intent to Distribute Cocaine, which is one of the exact charges he currently faces.

Even when the Government proves that evidence of a prior bad act may be admitted under Rule 404(b), such evidence can still be excluded under Federal Rule of Evidence 403 if the probative value of the evidence is substantially outweighed by the unfair prejudice the introduction would have against the defendant. Here, the introduction of this single remote conviction for the same crime would be highly prejudicial to the Defendant. It would be difficult for jurors not to conclude that the Defendant is guilty of the pending charges because he is a drug trafficker who transported cocaine in a concealed compartment fifteen years ago. This is exactly the type of propensity evidence that Rule 404(b) seeks to prohibit. A limiting instruction would be unlikely to cure the prejudice or guide the jury to consider the evidence for a proper purpose. And, because the prejudice to Defendant substantially outweighs the probative value of the evidence, the Court will exclude the evidence under Rule 403. However, should Defendant open the door and make

---

[1] It is not clear how the prior act would show that Defendant "should have known" drugs were in the vehicle in the present case.

the prior bad act evidence more relevant, for example, by claiming lack of knowledge of concealed compartments or no knowledge of the drugs concealed in his vehicle,[2] the Court may allow the introduction of the evidence in rebuttal. **Thus, this is a preliminary ruling and does not preclude the government from requesting permission to introduce the prior bad act evidence, should the Defendant open the door through testimony.** Accordingly,

**IT IS ORDERED** Defendant's Motion in Limine to Preclude Evidence of Prior Bad Acts, Per Rule 404(b) (Doc. 41) is **granted** to the extent stated herein.

Dated this 20th day of February, 2024.

Jennifer G. Zipps
United States District Judge

---

[2] There is a difference between asserting the Government has not met its burden of proving the Defendant acted knowingly and the Defendant testifying that he did not know of the existence of drugs within his vehicle.